IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DANIEL HATTEN (K9677)                                                      PLAINTIFF

v.                                                                    No. 4:20CV107-DAS

WARDEN LEE SIMON
WARDEN TIMOTHY MORRIS
SUPERINTENDENT MARSHALL TURNER
COMMISSIONER PELICIA HALL
ARP DIRECTOR RICHARD PENNINGTON
MDOC                                                                    DEFENDANTS

**MEMORANDUM OPINION**

The plaintiff, an inmate in the custody of the Mississippi Department of Corrections, appeared before the undersigned for a hearing as set forth in *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether any claims in the present case filed under 42 U.S.C. § 1983 have sufficient merit to proceed. A plaintiff's claim must be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998)(citations omitted). The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit.[1] For the reasons set forth below, the plaintiff's allegations regarding failure to protect will be dismissed with prejudice for failure to state a claim upon which relief could be granted. In addition, defendant Pennington will also be dismissed

---

[1] 28 U.S.C. § 1915(g).

with prejudice from this suit for failure to state a claim upon which relief could be granted. Mr. Hatten's claims regarding the general conditions of his confinement against Warden Lee Simon, Warden Timothy Morris, Superintendent Marshal Turner, Commissioner Pelicia Hall, and the MDOC will, however, proceed.

## Allegations

Daniel Hatten was housed in deplorable conditions in Unit 29-G at the Mississippi State Penitentiary, consisting of:

(1) Rat infestation;

(2) Flooding of sewage from toilets from December 31, 2019, until January 20, 2020;

(3) No lights in his cell;

(4) No power in cell;

(5) No running water in cell from June 2019 until February 2020;

(6) Windows no properly closing, leaving his cell freezing in Winter;

(7) Flooding when it rains;

(8) Filthy showers;

(9) Dangerous staffing shortages;

(10)     Inoperative heater on the bottom tier.

In addition, on February 28, 2020, around 6:30 a.m., Daniel Hatten was working as camp support in Unit 29-G, B-Zone, passing out trays during mealtime. The unit was understaffed, and no officer was on duty in the tower. A mentally handicapped inmate complained that he did not receive his special diet tray. None had been delivered to the unit. The inmate argued with the guard accompanying Mr. Hatten, demanding his diet tray, and the guard told the inmate that he could take a regular tray – or no tray. When the inmate argued further, the guard told Hatten to skip the inmate and

keep passing out trays. Hatten told the inmate that he (Hatten) must do as the guard says, and, as he walked past, the inmate reached through the bars and stabbed him in the temple. Hatten was taken to the Unit 42 Hospital, then transported to the University of Mississippi Medical Center (UMC) in Jackson. His treatment at UMC saved his eye, but he still suffers from headaches and double vision. He returned to Parchman that night and the next day was placed back on the same zone and tier as his attacker.

No one investigated, and the inmate was never disciplined for the attack. When Mr. Hatten complained to the staff, he was taken to Ms. Lee Simon's office. Upon hearing about the incident, she told him that he should not have been at the inmate's cell arguing about his tray. The attacker was then moved to the top tier, but remained on the same zone as Mr. Hatten. Mr. Hatten testified at his *Spears* hearing that he did not suspect that the mentally handicapped inmate might attack him.

Mr. Hatten then complained to Superintendent Marshall Turner and Commissioner Tommy Taylor on March 5, 2020, and he was moved the next day to the Central Mississippi Correctional Facility ("CMCF"), where he believes the administration does a much better job of protecting the inmates. He stated that the difference between Parchman and CMCF is night and day.

**Failure to Protect**

Mr. Hatten claims that the defendants failed to protect him from the attack of the mentally disabled inmate. "The Eighth Amendment affords prisoners protection against injury at the hands of other inmates." *Johnson v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986) (citations omitted). Deliberate indifference "[is] the proper standard to apply in the context of convicted prisoners who claim[] denial of medical care or the failure to protect." *Grabowski v. Jackson County Public Defenders Office*, 47 F.3d 1386, 1396 (5th Cir. 1995). A prisoner plaintiff cannot show that a prison official showed deliberate indifference unless he can show that "the official [knew] of and disregard[ed] an excessive

- 3 -

risk to inmate health or safety;" indeed, the official must have been aware of facts giving rise to an inference that a substantial risk of serious harm existed – and he must have drawn that inference. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). An inmate pursuing a claim for failure to protect may prove his claim by showing that the defendants knew of a specific threat to him but failed to take measures to protect from it. *Id.* at 843.

However, even in the absence of specific threat, an inmate may prove a claim of failure to protect if he can show that he was placed in a prison environment "where terror reigns." *Jones v. Diamond*, 636 F.2d 1364 (5th Cir. 1981), overruled on other grounds by *International Woodworkers of America, AFL-CIO and its Local No. 5-376 v. Champion Intern. Corp.*, 790 F.2d 1174 (5th Cir. 1986). This situation arises in a jail or prison where officials permit violent offenders to hold sway over part or all of the facility – creating "a pervasive risk of harm and a failure to take reasonable steps to prevent the known risk." *Stokes v. Delcambre,* 710 F.2d 1120 (5th Cir. 1983) (sheriff housed college students arrested on a non-violent misdemeanor charge with a dozen inmates charged with violent felonies – leading to the students' severe beating and rape). Indeed, "it does not matter whether the risk comes from a single source or multiple sources, any more than it matters whether a prisoner faces excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk." *Farmer*, 511 U.S. at 843.

In this case, no one (including Mr. Hatten) could have predicted that the mentally disabled inmate might attack him. As the defendants could not have anticipated the attack, they could not have protected Mr. Hatten from it. Hence, this allegation will be dismissed for failure to state a claim upon which relief could be granted.

### Administrative Remedy Program Director Richard Pennington Must Be Dismissed

The plaintiff has sued Administrative Remedy Program Director Richard Pennington because he allegedly failed to process grievances properly. However, a § 1983 plaintiff cannot proceed against a prison official based solely on the official's participation in the prison grievance process. *Dehghani v. Vogelgesang*, 226 Fed.Appx. 404, 406 (5th Cir. 2007). For this reason, defendant Pennington will be dismissed with prejudice from this case.

## Conclusion

For the reasons set forth above, the plaintiff's allegations regarding failure to protect will be dismissed with prejudice for failure to state a claim upon which relief could be granted. In addition, defendant Pennington will be dismissed with prejudice from this suit for failure to state a claim upon which relief could be granted. Mr. Hatten's claims regarding the general conditions of his confinement against Warden Lee Simon, Warden Timothy Morris, Superintendent Marshal Turner, Commissioner Pelicia Hall, and the MDOC will, however, proceed. By separate order, the court will direct that process issue for the remaining defendants.

**SO ORDERED**, this, the 4th day of February, 2021.

/s/ David A. Sanders
DAVID A. SANDERS
UNITED STATES MAGISTRATE JUDGE